UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IVAN WILLIAMS,

    Plaintiff,                              Case No. 2:07-CV-12532
                                           HONORABLE PAUL D. BORMAN
v.                                      UNITED STATES DISTRICT JUDGE

THOMS BIRKETT, et. al.

    Defendants,
_____/

## OPINION AND ORDER DISMISSING COMPLAINT
## PURSUANT TO 28 U.S.C. § 1915(g).

The plaintiff, Ivan Williams, presently confined at the Standish Maximum Correctional Facility in Standish, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has requested that he be permitted to proceed *in forma pauperis* in this case. *See* 28 U.S.C. § 1915(a)(1) (1996). For the reasons stated below, the court will deny plaintiff leave to proceed *in forma pauperis* in this case and will dismiss the complaint pursuant to 28 U.S.C. § 1915(g).

**I. BACKGROUND**

On August 1, 2007, an order to show cause was issued by Magistrate Judge R. Steven Whalen, giving plaintiff fourteen days from the date of the order to explain in writing why his complaint should not be dismissed in this case pursuant to 28 U.S.C. § 1915(g). The order to show cause was based upon the fact that a United States District Court had dismissed three of plaintiff's cases for being frivolous, malicious, or for failing to state a claim upon which relief can be granted. These cases are: *Williams v. Warshaw, et. al.,* No. 95-CV-75550 (E.D. Mich.

1

December 15, 1995)(O'Meara, J.); *Williams v. Ackenson, et. al.,* No. 05-CV-00035 (W.D. Mich. August 1, 2005)(Bell, J.); *Williams v. Pratt, et. al.,* No. 05-CV-00391 (W.D. Mich. August 11, 2005)(Enslen, J.).

On or about August 9, 2007, plaintiff filed a response to the order to show cause. Plaintiff does not deny that he has three prior civil actions which have been dismissed for being frivolous, malicious, or for failing to state a claim upon which relief can be granted. Instead, plaintiff contends that he should be permitted to proceed *in forma pauperis,* because the allegations in his complaint fall within the "imminent danger" exception to § 1915(g).

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a federal district court may dismiss an incarcerated plaintiff's civil case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C.§ 1915(g) (1996); *See also Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.

In the present case, plaintiff has failed to show that he comes within the "imminent danger" exception to section 1915(g). Plaintiff claims that he is confined to a wheelchair, but has been

2

placed in a segregation cell that is not equipped to handle prisoners who are confined to wheelchairs. Plaintiff claims that he is in imminent danger of falling over and hitting his head against the floor every time that he needs to use the toilet in his cell, because it is not equipped with a rail to assist wheelchair-bound prisoners. Plaintiff further claims that because his cell is not equipped with a shower that can accommodate his handicap, he is forced to take a shower outside. Plaintiff claims that being required to take a shower outside in the winter months will place him in imminent danger of catching influenza.

To meet the imminent danger requirement of the PLRA's three strikes provision, the threat or prison condition "must be real and proximate." *See Ciarpaglini v. Saini,* 352 F. 3d 328, 330 (7th Cir. 2003). Courts are permitted to deny a prisoner leave to proceed *in forma pauperis* when his claims of imminent danger are "conclusory or ridiculous." *Id.* at p. 331. A district court may discredit factual claims of imminent danger that are "'clearly baseless'; i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" *See Gibbs v. Cross*, 160 F. 3d 962, 967 (3rd Cir. 1998).

In the present case, plaintiff fails to show that he is in imminent danger of serious physical injury. Plaintiff is not entitled to invoke the imminent danger exception to the three strikes rule, because his allegations about being in imminent danger of serious physical injury are entirely speculative. *See Swenson v. Pramstaller,* 169 Fed. Appx. 449, 450-51 (6th Cir. 2006).
Plaintiff's allegation that he risks falling due to the lack or the improper placement of hand rails or grab bars to assist plaintiff with the transfer from a wheelchair to a toilet does not fall within the imminent danger exception to § 1915(g). *See Fuller v. Johnson County Bd. of County*

3

*Com'rs,* 2007 WL 542046, * 1-2 (D. Kan. February 16, 2007); *See also Miller v. Meadows,* 2005 WL 1983838, * 5 (M.D.Ga. August 11, 2005)("The inability to shower and have access to a toilet at every inclination does not satisfy the requisite threshold under § 1915(g)"). Plaintiff's possible exposure to the cold in the winter while having to take a shower would also not qualify for the imminent danger exception to the three strikes rule. *See Radford v. Lucas*, 2007 WL 2021973, * 2-3 (W.D. Ark. July 9, 2007).

Plaintiff also claims that the staff at the Standish Maximum Correctional Facility are trying to kill him by using an unspecified device inside of his cell. Plaintiff claims that this is being done in retaliation for a prior lawsuit brought by plaintiff against staff at the Oaks Correctional Facility, where he was previously incarcerated. Plaintiff's conclusory allegations that prison staff at the Standish Maximum Correctional Facility are trying to kill him are completely unsupported by any evidentiary material and appear to be nothing more than "a thinly veiled rehashing" of a similar claim made by plaintiff in his prior lawsuit in the *Ackenson* case that was dismissed by Judge Bell. *See Chance v. Tennessee,* 47 Fed. Appx. 762, 763 (6th Cir. 2002). Finally, to the extent that plaintiff is raising claims of imminent danger which involve the Oaks Correctional Facility, plaintiff is no longer incarcerated there. Plaintiff cannot use past incidents of abuse to establish the imminent danger exception to § 1915(g). *See Mulazim v. McNamara,* 46 Fed.Appx. 357, 358 (6th Cir. 2002).

Because plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, he does not fit within the exception to the statutory mandate that prohibits him from proceeding *in forma pauperis* in light of his prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 Fed. Appx. 470, 472 (6th Cir. 2002). Plaintiff

4

shall remain liable for the $ 350.00 filing fee. *In Re Alea,* 286 F. 3d 378, 381 (6th Cir. 2002). Since plaintiff has had three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

## III.  ORDER

IT IS HEREBY **ORDERED** that Plaintiff Ivan Williams' *in forma pauperis* status is **DENIED** and the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER **ORDERED** AND CERTIFIED that any appeal taken by Plaintiff would not be done in good faith.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 23, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 23, 2007.

s/Denise Goodine
Case Manager